JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Chief Counsel for FLSA Litigation
GRACE A. KIM
Trial Attorney
CA State Bar No. 247456
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
350 S. Figueroa St., Ste. 370
Los Angeles, CA 90071
Tel: (213) 894-3950
Fax: (213) 894-2064
Email: kim.grace@dol.gov

Attorneys for Plaintiff, R. Alexander Acosta
Secretary of Labor, United States Department of Labor

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>        Plaintiff,<br><br>    vs.<br><br>C&C VERDE, LLC, d/b/a MIDAS, an Arizona limited liability company; C&C ORACLE, LLC, d/b/a MIDAS, an Arizona limited liability company; C&C 22cd, LLC, d/b/a MIDAS, an Arizona limited liability company; C&C 6th, LLC, d/b/a MIDAS, an Arizona limited liability company; C&C INA, LLC, d/b/a MIDAS, an Arizona limited liability company; C&C VALENCIA, LLC, d/b/a MIDAS, an Arizona limited liability company; CHRISTOPHER CONFORTI, individually and as managing agent,<br><br>        Defendants. | Case No.<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 201 et seq.) |

1. Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), brings this action to enjoin Defendants C&C VERDE, LLC, d/b/a MIDAS; an Arizona limited liability company; C&C ORACLE, LLC, d/b/a MIDAS, an Arizona limited liability company; C&C 22cd, LLC, d/b/a MIDAS, an Arizona limited liability company; C&C 6th, LLC, d/b/a MIDAS, an Arizona limited liability company; C&C INA, LLC, d/b/a MIDAS, an Arizona limited liability company; C&C VALENCIA, LLC, d/b/a MIDAS, an Arizona limited liability company (collectively, "Midas Defendants"); CHRISTOPHER CONFORTI, individually and as managing agent ("Defendant Conforti") (Midas Defendants and Defendant Conforti hereafter collectively referred to as "Defendants") from violating the provisions of Sections 6, 7, 11, 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C. §§ 206, 207, 211, 215(a)(2) and 215(a)(5), and to recover unpaid minimum wage and overtime compensation owed under the FLSA to present and former employees of Defendants including, at a minimum, those listed by name on the attached Exhibit A to this Complaint, together with an equal amount as liquidated damages, pursuant to FLSA Section 16(c), 29 U.S.C. § 216(c).

2. Jurisdiction of this action is conferred upon the Court by Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217; by 28 U.S.C. § 1331 (federal question); and by 28 U.S.C. § 1345 (United States as plaintiff).

3. Venue lies in the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 1391(b), as Defendants maintain their businesses within this district and a substantial part of the events or omissions giving rise to the instant claims occurred within this district.

4. Defendant C&C VERDE, LLC, d/b/a MIDAS, is a limited liability company licensed to do business in the State of Arizona, with its principal place of business located at 6740 East Tanque Verde Road, Tucson, Arizona 85715, within the jurisdiction of this Court, where it is and has been engaged in business as an automotive maintenance and repair shop.

5. Defendant C&C ORACLE, LLC, d/b/a MIDAS, is a limited liability company licensed to do business in the State of Arizona, with its principal place of business located at 3302 North Oracle Road, Tucson, Arizona 85705, within the jurisdiction of this Court, where it is and has been engaged in business as an automotive maintenance and repair shop.

6. Defendant C&C 22cd, LLC (also known as C&C 22nd, LLC), d/b/a MIDAS, is a limited liability company licensed to do business in the State of Arizona, with its principal place of business located at 7220 East 22nd Street, Tucson, Arizona, 85710, within the jurisdiction of this Court, where it is and has been engaged in business as an automotive maintenance and repair shop.

7. Defendant C&C 6th, LLC, d/b/a MIDAS, is a limited liability company licensed to do business in the State of Arizona, with its principal place of business located at 3616 South 6th Avenue, Tucson, Arizona, 85713, within the jurisdiction of this Court, where it is and has been engaged in business as an automotive maintenance and repair shop.

8. Defendant C&C INA, LLC, d/b/a MIDAS, is a limited liability company licensed to do business in the State of Arizona, with its principal place of business located at 3621 West Ina Road, Tucson, Arizona, 85741, within the jurisdiction of this Court, where it is and has been engaged in business as an automotive maintenance and repair shop.

9. Defendant C&C VALENCIA, LLC, d/b/a MIDAS, is a limited liability company licensed to do business in the State of Arizona, with its principal place of business located at 333 West Valencia Road, Tucson, Arizona, 85706, within the jurisdiction of this Court, where it is and has been engaged in business as an automotive maintenance and repair shop.

10. At all relevant times, the Midas Defendants are and have been an "employer" within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d), in relation to employees at the Midas Defendants' six business locations listed above, and include, at a minimum the employees listed by name on Exhibit A to this Complaint. Additional employee names may be added to Exhibit A as they become known to the Secretary.

11. Defendant Christopher Conforti, an individual, resides within the jurisdiction of this Court, is the President of the Midas Defendants, and at all relevant times acted directly or indirectly in the interest of the Midas Defendants in relation to their employees, including exercising authority over the terms and conditions of employment of Defendants' employees and managing Defendants' day to day businesses activities. Accordingly, Mr. Conforti is individually liable as an "employer" under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to Defendants' employees.

12. Defendants' activities constitute and at all relevant times have constituted related activities performed through unified operation or common control for a common business purpose, and are and at all relevant times have been an "enterprise" as defined in Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. Defendants' employees were or are engaged in commerce and/or in handling or working on goods that had been moved in commerce, as they regularly handle goods that had or have been shipped from places outside of the state of Arizona. Defendants' enterprise

has, and at all relevant times has had, an annual gross volume of sales made or business done of no less than $500,000.00, and said enterprise constitutes, and at all relevant times has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined by Section 3(s) of the FLSA, 29 U.S.C. § 203(s). As such, Defendants' employees are covered by the FLSA, including its wage, recordkeeping, and anti-discrimination provisions.

14. Defendants have violated the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. § 206 and § 215(a)(2), by paying at least some of their employees an hourly rate below the applicable federal minimum wage of $7.25 per hour.

15. Defendants have willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. § 207 and § 215(a)(2), because they failed to pay employees at a rate of time and one half the employees' regular rate for hours worked over 40 in a workweek. Midas managers, assistant managers, and technicians regularly worked 55 to 60 hours per week, received either a salary or hourly pay, depending on the circumstances, and did not receive the required overtime premium for hours worked over 40 in a workweek.

   a. Defendants' employees were not exempt from the FLSA's minimum wage or overtime requirements because, among other things: these employees were not paid on a "salary basis" as required to claim an exemption, since Defendants took a mandatory uniform deduction from employees such that their salaries were not guaranteed or paid free and clear, as required by 29 C.F.R. § 541.602; these employees' primary duty was not managing the business enterprise; these employees did not customarily and regularly direct the work of at least two or

more other full-time employees or their equivalent; and/or these employees did not have the authority to hire or fire other employees, or their suggestions as to hiring, firing, advancement, promotion or other changes in employee status were not given particular weight.

  b. Moreover, Defendants' employees were not paid for regular workplace meetings, and had lunch breaks deducted from their pay even though in practice, employees regularly took less time for their lunch breaks.

16. Defendants have willfully and repeatedly violated Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), by failing to maintain, keep, make available (to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their written demand for such access), and preserve, records of employees and of the wages, hours, and other conditions and practices of employment maintained, as required under 29 C.F.R. Part 516.  Defendants misclassified technicians, managers, and assistant managers as exempt from overtime pay, and failed to keep time records that would show adequately and accurately, among other things, the hours worked by those employees each workday, the total hours worked each workweek, thereby depriving, interfering and impeding the ability of employees, and derivatively, of the Secretary of Labor, to detect, identify and have notice of the underpayment of minimum and overtime wages due under the FLSA.

17. By the actions described above, Defendants have repeatedly and willfully violated the above-described provisions of the FLSA during the relevant statutory period going back at least three years prior to the date of the filing of this Complaint.

WHEREFORE, cause having been shown, the Secretary prays for a judgment against Defendants as follows:

A. For an Order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with them, from prospectively violating the provisions of Sections 15(a)(2), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2), and 215(a)(5); and

B. For an Order:

(i) pursuant to FLSA § 16(c), 29 U.S.C. § 216(c), finding Defendants jointly and severally liable for any unpaid minimum wage and overtime compensation during the relevant time period that may be found by the Court to be due under the FLSA, plus an additional amount as and for liquidated damages, equal to any back wages found to have accrued under the FLSA, to present and former employees of Defendants, including, at a minimum, the persons listed by name on the attached Exhibit A; or

(ii) in any instances where liquidated damages are not awarded herein, restraining, pursuant to FLSA § 17, 29 U.S.C. § 217, Defendants, their officers, agents, servants and employees and all persons in active concert or participation with them, from continuing to withhold the payment of any unpaid minimum wage and overtime compensation that may be found by this Court to have accrued under the FLSA to present and former employees of Defendants, including, at a minimum, the persons listed by name on the attached Exhibit A, plus pre-judgment interest thereon; and,

C. Awarding the Secretary of Labor the costs of this action; and,

D. Providing such further legal and equitable relief as may be deemed appropriate, including equitable tolling of the applicable three-year statute of limitations to redress

interference with, or delayed detection of, the violations of the FLSA by the Secretary due to Defendants' actions to confuse their workers as to their right to the FLSA's minimum wage, overtime, and other protections, and/or Defendants' failure to maintain complete, accurate, or full employment records as required by 29 U.S.C. §§ 211(c) and 215(a)(5) of the FLSA.

DATED: June 27, 2017

NICHOLAS C. GEALE
Acting Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Chief Counsel for FLSA Litigation

By: _/s/ Grace A. Kim__
GRACE A. KIM
Trial Attorney

Attorneys for Plaintiff
United States Department of Labor

# **EXHIBIT A**

| No. | Employee Last Name | Employee First Name |
|---|---|---|
| 1 | Adams | Cliff |
| 2 | Ajel | Abdalaziz |
| 3 | Anway | Brandon |
| 4 | Arellano | Carlos |
| 5 | Ayala | Marcos |
| 6 | Ball | Cyd |
| 7 | Ballesteros | Rolando |
| 8 | Barney | Jason |
| 9 | Beals | Jeff |
| 10 | Bishop | Ryan |
| 11 | Blankenship | Michael |
| 12 | Briggs | James |
| 13 | Brown | Matthew |
| 14 | Brown | Robby |
| 15 | Brown | Rory |
| 16 | Cano | Rene |
| 17 | Carrero | Alberto |
| 18 | Carter | Brian |
| 19 | Castro | Patrick |
| 20 | Chavez | Marco |
| 21 | Ciapara-Rios | Jesus |
| 22 | Collins | Ray |
| 23 | Coyle | Danny |
| 24 | Darius | Brian |
| 25 | Dean | Cody |
| 26 | Degurski | Rick |
| 27 | DeJesus-Arellanes | Angel |
| 28 | DeMio | Jason |
| 29 | Diaz | Jorge |
| 30 | Dobbs | Glen |
| 31 | Dominguez | Francisco |
| 32 | Earl | Charles |
| 33 | Eddy | John |
| 34 | Estrada | German |
| 35 | Ficus | Timothy |
| 36 | Fierro | Julio |
| 37 | Flemming | Richard |

| | | |
|---|---|---|
| 38 | Flores | Andrew |
| 39 | Ford | Jimmy |
| 40 | Garcia | Gustavo |
| 41 | Garcia | Robert |
| 42 | Gilliland | Manley |
| 43 | Gordon | Jason |
| 44 | Griffith | Mark |
| 45 | Guiterrez | Juan |
| 46 | Hammond | Jacob |
| 47 | Harris | Jason |
| 48 | Hatfield | Bill |
| 49 | Hayes | David |
| 50 | Heath | Jeremy |
| 51 | Hemo | David |
| 52 | Hernandez | German |
| 53 | Hill | Michael |
| 54 | Hoepelman | Antonio |
| 55 | Hootman | Matt |
| 56 | Horn | Bryant |
| 57 | Hurd | Roy |
| 58 | Lewis | Mike |
| 59 | Leyva | Joey |
| 60 | Looper | Shane |
| 61 | Lopez | Gabriel |
| 62 | Lowe | Jess |
| 63 | Maldonado | Frank |
| 64 | Marquez Jr. | Guillermo |
| 65 | Marquez Sr. | Guillermo |
| 66 | Matthews | Clay |
| 67 | Mclaughlin | David |
| 68 | Mendoza | Hector |
| 69 | Mendoza | Israel |
| 70 | Mladjan | Josef |
| 71 | Montano | Cesar |
| 72 | Morrison | Mark |
| 73 | Nasby | James |
| 74 | Nichols | Danny |
| 75 | Olmos | Arthur |
| 76 | Padron | Miguel |
| 77 | Petkau | Adan |
| 78 | Price | Richard |

| # | Last Name | First Name |
|---|---|---|
| 79 | Ramirez | Juan |
| 80 | Randolph | Matthew |
| 81 | Raske | Jesse |
| 82 | Riley | George |
| 83 | Robles | Brandon |
| 84 | Rodriguez | Seth |
| 85 | Roman | Brian |
| 86 | Simonsen | Donald |
| 87 | Simpson | Lloyd |
| 88 | Soto | Dylan |
| 89 | Spross | Jason |
| 90 | Steffy | Mark |
| 91 | Summitt | Gary |
| 92 | Swindle | Robert |
| 93 | Tankle | Arthru |
| 94 | Taylor | Matthew |
| 95 | Teran | Mario |
| 96 | Tichy | Bela |
| 97 | Toddrovich | John |
| 98 | Valdez | Steven |
| 99 | Valencia Sr. | Marco |
| 100 | Valentine | Jarod |
| 101 | Valenzuela | Jesus |
| 102 | Wadley | Donald |
| 103 | Wayne | Damion |
| 104 | White | Glenn |
| 105 | Whitten | Kenney |
| 106 | Williamson | Michael |
| 107 | Zazueta | Jose |